FILED
United States Court of Appeals
Tenth Circuit

October 29, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENModified CIRCUIT

---

MICHAEL SCOTT ELDER,

      Petitioner - Appellant,

v.

JIM FARRIS, Warden,

      Respondent - Appellee.

No. 18-6074
(D.C. No. 5:16-CV-01408-HE)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Michael Scott Elder moves for a certificate of appealability ("COA") to appeal from the district court's denial of his application for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Elder's request for a COA and dismiss his appeal.

**I**

Mr. Elder was charged in Oklahoma state court with one count of first-degree murder with malice aforethought. Following a trial, a jury convicted Mr.

---

      [*]      This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Elder of the lesser-included offense of first-degree manslaughter. In April 2014, Mr. Elder was sentenced, consistent with the jury's recommendation, to fifteen years' imprisonment. Mr. Elder appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction.

Mr. Elder filed the Petition in federal district court in December 2016. Mr. Elder ultimately asserted five grounds for relief on which he now seeks a COA. First, he argued that the evidence at trial was insufficient to disprove self-defense or defense of another beyond a reasonable doubt. Second, he argued that the trial court violated his due-process rights by refusing to instruct the jury on Oklahoma's "Stand Your Ground" law. Third, he argued that he was deprived of his right to present a defense due to the exclusion of evidence about the victim's state of mind. Fourth, he argued that prosecutorial misconduct rendered his trial unfair. Finally, he argued that the cumulative effect of the errors underlying his other claims deprived him of a fair trial.

Following briefing, a magistrate judge recommended that the Petition be denied. Mr. Elder objected, but the district court adopted the magistrate judge's recommendation and denied the Petition. The district court first ruled that there was sufficient evidence to permit a rational jury to find that Mr. Elder was not acting in self-defense or defense of another at the time of the killing, and the OCCA's ruling on this issue was therefore not unreasonable. Next, the district court ruled that any argument that the OCCA interpreted Oklahoma's "Stand Your

2

Ground" law incorrectly was not cognizable on federal habeas review and that the omission of a "Stand Your Ground" instruction did not render the trial so fundamentally unfair as to violate due process.

The district court then observed that the OCCA had rejected Mr. Elder's argument concerning evidence of the victim's state of mind because the evidence was irrelevant. The district court stated that it was "difficult to fault that conclusion as a matter of customary evidence rules" but stressed that, in the setting of federal habeas review, its inquiry actually was "more limited"—centered on the issue of fundamental fairness. Aplt.'s App. at 51. And the district court found that Mr. Elder's trial was not rendered fundamentally unfair by the OCCA's resolution of this evidentiary issue.

The district court then observed that, although Mr. Elder had alleged various instances of prosecutorial misconduct on direct appeal, his instant objections focused on a single question that the prosecutor had asked Mr. Elder, invoking the biblical proscription against taking human life: "Mr. Elder, what's the Sixth Commandment?" *Id.* The district court noted that the trial court sustained an objection to this question and gave a curative instruction, and the OCCA did not unreasonably conclude that these measures cured any error. Finally, having found no constitutional errors underlying Mr. Elder's other claims, the district court rejected his cumulative-error claim. The district court also denied a certificate of appealability.

3

The district court entered judgment on March 27, 2018, and Mr. Elder timely filed a notice of appeal.

## II

### A

A COA is a jurisdictional prerequisite to this court's review of the merits of a § 2254 appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (discussing the "'clear' jurisdictional language" in § 2253(c)(1)). We may only issue a COA where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where the OCCA ruled on the merits of a claim, Mr. Elder is not entitled to relief unless the OCCA's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in the light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). With respect to these rulings, "the decision whether to grant

4

[the] COA request rests on whether 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong' in light of the deference owed to the OCCA's adjudication of [the] claims." *Howell v. Trammell*, 728 F.3d 1202, 1225 (10th Cir. 2013) (quoting *Miller-El*, 537 U.S. at 338).

**B**

We have reviewed Mr. Elder's COA motion and brief in support. We have also reviewed the record, including the magistrate judge's recommendation and the district court order described *supra*. Based upon our review, the district court's reasoning and conclusions are sound. Mr. Elder has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and no reasonable jurist could debate whether the district court properly denied the Petition. *See Harris*, 642 F.3d at 906.[1] Mr. Elder is not entitled to a COA,

---

[1] The record arguably suggests that certain of Mr. Elder's claims, i.e., the federal due-process component of his claim concerning the "Stand Your Ground" instruction or the precise cumulative-error claim now presented, were not presented to the OCCA. The district court's order did not discuss exhaustion, but we observe that these claims would indisputably fail even on de novo review, so we need not pursue the matter further. *See* 28 U.S.C. § 2254(b)(2) (stating that habeas corpus petition may be denied on the merits notwithstanding failure to exhaust state court remedies); *Milton v. Miller*, 812 F.3d 1252, 1265–66 (10th Cir. 2016) (reviewing unexhausted claim de novo).

We also note that we consider Mr. Elder's request for relief due to prosecutorial misconduct to be limited to the "Sixth Commandment" question, with additional instances of alleged misconduct constituting at most background

(continued...)

5

and this appeal must be dismissed.

## III

For the foregoing reasons, we **DENY** Mr. Elder's application for a COA

and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[1](...continued)
information or evidence of intent.  This was how Mr. Elder presented this claim in the district court, and Mr. Elder is not permitted to assert grounds for relief for the first time on appeal.  *See Heard v. Addison*, 728 F.3d 1170, 1175 (10th Cir. 2013) (declining to consider in habeas appeal a claim that was not raised in district court); *Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005) ("Parker raises several other alleged failures of counsel to object at trial, all of which he has waived by failing to assert them in his district court habeas petition.").